IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARVA L.A. HARRIS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:13-CV-00594-RWS |
| M&T BANK, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

This case comes before the Court on Defendant M&T Bank's ("M&T") Motion to Dismiss [3]. After reviewing the record, the Court enters the following Order.

## Background[1]

This case arises out of foreclosure proceedings concerning real property located at 85 Long Drive, Covington, Georgia, 30016 ("the Property"). (Compl., Dkt. [1-1] ¶ 2.) Plaintiff obtained a loan from Challenger Financial Investors Corp. ("Challenger"), Defendant M&T's predecessor in interest, in the amount of $144,137.00 on May 30, 2003. (Def.'s Mot. to Dismiss, Ex. A

---

[1] As the case is before the Court on a motion to dismiss, the Court accepts as true the facts alleged in the Complaint. Cooper v. Pate, 378 U.S. 546, 546 (1964).

(Security Deed), Dkt. [3-2] at 1 of 9.)[2]  In order to secure payment for that loan, Plaintiff executed a security deed conveying the Property to Challenger.  (See generally Def.'s Mot. to Dismiss, Ex. A (Security Deed), Dkt. [3-2].) Defendant states that Challenger subsequently assigned and transferred its rights, title, and interest in the security deed, the Property, and the indebtedness secured thereby to CMS Mortgage Group, Inc. ("CMS") on May 30, 2003. (Def.'s Mem. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem."), Dkt. [3-1] at 2 of 17; see generally Def.'s Mot. to Dismiss, Ex. B (5/30/03 Assignment), Dkt. [3-3].)  Defendant states that CMS subsequently assigned and transferred its rights, title, and interest in the security deed, the Property, and the indebtedness secured thereby to MVB Mortgage Corporation ("MVB") on June 26, 2003. (Def.'s Mem., Dkt. [3-1] at 3 of 17; see generally Def.'s Mot. to Dismiss, Ex. C (6/26/03 Assignment), Dkt. [3-4].)  Defendant states that MVB subsequently

---

[2] The Court may take judicial notice of public records not attached to the Complaint, including in this case the Security Deed filed in the Superior Court of Newton County, when considering a motion to dismiss. Byrant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1998).  This does not convert the motion into one for summary judgment. Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. . . . Public records are among the permissible facts that a district court may consider.") (citations omitted).

assigned and transferred its rights, title, and interest in the security deed, the Property, and the indebtedness secured thereby to Defendant on June 17, 2009. (Def.'s Mem., Dkt. [3-1] at 3 of 17; see generally Def.'s Mot. to Dismiss, Ex. D (6/17/09 Assignment), Dkt. [3-5].) Plaintiff alleges Defendant wrongfully foreclosed on the Property on June 5, 2012. (Compl., Dkt. [1-1] ¶ 2.) Plaintiff further alleges that following being served with a Writ of Possession by the sheriff on June 21, 2012, she signed a Consent Judgment to vacate the premises effective August 1, 2012. (Id. ¶ 3.) Plaintiff alleges that after she vacated the Property, she was contacted by an agent of Defendant who stated the eviction proceedings had been cancelled and that she could move back into the Property until a potential rescission of the foreclosure was decided, and that she did in fact re-enter the Property on August 20, 2012. (Id. ¶ 4-5.) Plaintiff alleges she was involved in a string of communications between Mr. Steven Abbey, an agent of Defendant, and an agent of the Georgia HomeSafe Program ("HomeSafe"), during September 5 through 7 of 2012. (Id. ¶ 6-8.) Plaintiff alleges that during these communications, HomeSafe stated Plaintiff's "home must be put back in [P]laintiff's name and [HomeSafe's agent] must see it in writing." (Id. ¶ 7.) Plaintiff alleges that Defendant's agent contacted her again

3

on September 7, 2012, and stated that she had until September 21, 2012, to obtain approval from HomeSafe or "'the bank will proceed with the eviction and foreclosure.'" (Id. ¶ 8.) Plaintiff initiated this litigation by filing the instant Complaint, pro se, in the Superior Court of Fulton County on January 17, 2013. (Id. at 1 of 11.) Plaintiff alleges a claim for wrongful foreclosure on the Property and "requests [the] home be released in her name in order for Georgia HomeSafe Program to be able to assist with payment." (Id. ¶ 9.) Plaintiff further requests "restitution and/or zero balance on the mortgage[]" based on the expenses she incurred during the process of vacating and re-entering the Property. (Id. ¶ 10, WHEREFORE paragraph.)

Defendant now moves to dismiss Plaintiff's claim for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Def.'s Mot. to Dismiss, Dkt. [3] at 1 of 4.) The Court will set out the legal standard governing Rule 12(b)(6) motions to dismiss before considering Defendant's motion on the merits.

## Discussion

**I.     Legal Standard**

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to

accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted).  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

     The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556.  The plausibility standard "does not[, however] impose a probability requirement at the pleading

5

stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Additionally, because Plaintiff is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). Utilizing this framework, the Court considers the claim raised in Plaintiff's Complaint.

**II.   Analysis**

    A.   Plaintiff's Wrongful Foreclosure Claim

The Court agrees with Defendant that Plaintiff's Complaint has failed to state a claim upon which relief may be granted and should be dismissed under Rule 12(b)(6).

Plaintiff alleges a claim for wrongful foreclosure and "requests [the Property] be released in her name for Georgia HomeSafe Program to be able to assist with payment." (Compl., Dkt. [1-1] ¶¶ 2, 9.) "Georgia law requires a

6

plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004). Plaintiff has failed to allege any facts showing the existence of a duty owed Plaintiff by Defendant.  Plaintiff's Complaint consists of the naked legal assertion that "[D]efendant performed a wrongful foreclosure[,]" followed by a factual description of a series of conversations between Plaintiff, Defendant, and a third party, and a prayer for relief.  (Compl., Dkt. [1-1] ¶¶ 2, 4, 6-9, WHEREFORE paragraph.)  Therefore, Plaintiff has failed to plead sufficient facts to establish Defendant owes Plaintiff a duty.  Even if the Court assumes, arguendo, that such a duty does exist, Plaintiff has failed to plead any facts that plausibly support the existence of a breach of such alleged duty.  Plaintiff has failed to allege sufficient facts to satisfy two of the elements of a wrongful foreclosure claim under Georgia law.  Therefore, Defendant's Motion to Dismiss is due to be **GRANTED**.

    B.    Plaintiff's Request for Quiet Title

Plaintiff appears to have attempted to request an order for quiet title on

the Property.  (Compl., Dkt. [1-1] ¶ 9.)  Under Georgia law, a petitioner seeking quiet title must file along with the petition:

> (1) a plat of survey of the land, (2) a copy of the immediate instrument or instruments, if any, upon which the petitioner's interest is based, and (3) a copy of the immediate instrument or instruments of record or otherwise known to the petitioner, if any, upon which any person might base an interest in the land adverse to the petitioner.

O.C.G.A. § 23-3-62(c).  Plaintiff has failed to attach a plat survey, a copy of the Security Deed or any other instrument "upon which the [Plaintiff's] interest is based[.]"  Id.  Additionally, in order "[t]o state a claim for quiet title relief, a plaintiff must allege more than a right to acquire title; it must allege that it presently holds current title or current prescriptive title."  Dykes Paving & Constr. Co., Inc. v. Hawk's Landing Homeowners Ass'n, Inc., 647 S.E.2d. 579, 580 (Ga. 2007) (citation omitted) (emphasis added).  Plaintiff fails to allege anywhere in the Complaint that she is the current title holder of the Property.  Therefore, to the extent that Plaintiff's prayer for relief requests quiet title, the request is due to be **DENIED**.

## Conclusion

In accordance with the foregoing, Defendant M&T Bank's Motion to

8

Dismiss Plaintiff's Complaint [3] is **GRANTED**, and Plaintiff's request for quiet title is **DENIED**.

**SO ORDERED**, this   12th   day of July, 2013.

*Richard W. Story*
**RICHARD W. STORY**
United States District Judge